IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHIRAG AMIN,

                                                            ORDER
                              Petitioner,

                                                      08-cv-717-bbc
              V.

CELLCO PARTNERSHIP,
MATT L. VAN NEST, JON
MCGEE, ADAM BEDNARZ and
JONATHAN KAPNER,

                         Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Petitioner Chirag "Craig" Amin filed this civil action on December 11, 2008, invoking

this court's diversity jurisdiction.  Plaintiff brings state claims against respondents Cellco

Partnership d/b/a Verizon Wireless, Matt L. Van Nest, Jon McGee, Adam Bednarz and

Jonathan Kapner regarding a cellular phone service agreement entered into between

petitioner and respondent Verizon Wireless.  He alleges in part that respondents

misrepresented their cell phone service, inducing petitioner to enter into the agreement,

breached the contract once it was signed and erroneously billed him.

        Petitioner seeks leave to proceed without prepayment of fees and costs or providing

1

security for such fees and costs, pursuant to 28 U.S.C. § 1915.   From the affidavit of indigency accompanying petitioner's proposed complaint, I conclude that petitioner is unable to prepay the fees and costs of instituting this lawsuit.   Because petitioner has requested leave to proceed in forma pauperis in this action, this court's next step would usually be to screen his complaint under 28 U.S.C. § 1915(e)(2) and deny him leave to proceed if the action is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune to such relief.   However, because petitioner's complaint fails to provide the proper allegations to support diversity jurisdiction, I will wait to screen the complaint until petitioner advises the court of the citizenship of the parties in this case and submits proof that the amount in controversy exceeds $75,000.

This court has an independent obligation to insure that subject matter jurisdiction exists.  Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).  The Court of Appeals for the Seventh Circuit has reiterated the need for litigants to meticulously review the limits of federal jurisdiction to prevent the waste of federal judicial resources.  Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 693 (7th Cir. 2003).  The federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction."  Tylka v. Gerber Prods. Co., 211 F.3d 445, 447-48 (7th Cir. 2000) (quotation omitted).

This court's diversity jurisdiction requires complete diversity of citizenship between

2

each plaintiff and each defendant and an amount in controversy of at least $75,000. 28 U.S.C. § 1332. However, petitioner's allegations fail to provide the proper allegations to support diversity jurisdiction. First, petitioner alleges that he is a "resident" of the state of Illinois. However, for the purpose of establishing diversity jurisdiction, the court examines the citizenship, not the residency, of individual persons. An individual is a citizen of the state in which he is domiciled, which is "the place one intends to remain." Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). A person has only one domicile, but may have several residences. Furthermore, it has long been settled that residence and citizenship are wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the circuit courts of the United States and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction. Steigleder v. McQuesten, 198 U.S. 141, 143 (1905). Therefore, petitioner has failed to properly allege his citizenship.

Also, petitioner fails to properly allege the citizenship of each respondent. With regard to the individual respondents, petitioner alleges that respondents Van Nest, McGee, Bednarz and Kapner are employees of Verizon Wireless and identifies the states in which respondents Van Nest, McGee and Bednarz are employed. This information does not establish the citizenship of these defendants. In addition, he alleges that respondent Cellco Partnership "is a United States incorporated telecommunications company" and that its

3

corporate headquarters is located in New Jersey.  This raises confusion  because petitioner alleges that Cellco is a corporation even though its name suggests that it is a partnership. In any case, regardless whether Cellco is a corporation or partnership, petitioner fails to properly allege its citizenship.  If Cellco is a corporation, petitioner must allege in which state it is incorporated and where it has its principal place of business.  28 U.S.C. § 1333(c)(1); Metropolitan Life Insurance Co. v. Estate of Cammon, 929 F.2d 1220, 1223 (7th Cir. 1991).  If Cellco is a partnership, its citizenship must be traced through its partners.  Each partner's citizenship must be diverse from petitioner's citizenship.  Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir.  2007).  If any partner is itself a partnership, then the citizenship of those partners must be traced as well, through however many layers of partners or members there may be.  Meyerson v. Showboat Marina Casino Partnership, 312 F.2d 318, 320 (7th Cir. 2002).  In either case, petitioner's allegations fail to properly disclose Cellco's citizenship for diversity purposes.

Finally, it is unclear whether the amount in controversy is at least $75,000.  If uncontested, this court will accept a petitioner's good faith allegation of the amount in controversy unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount.  Rexford Rand Corp. v. Ancel, 58 F.3d 1215, 1218 (7th Cir. 1995). Here, although petitioner alleges that "damages exceeding $75,000 are demanded that are attributable to [respondents'] conduct," he does not explain how the damages he seeks could

4

reach that amount other than that he seeks punitive damages.  "When a claim for punitive damages makes up the bulk of the amount in controversy, and may even have been colorably asserted solely to confer jurisdiction, [this court] should scrutinize that claim closely." Anthony v. Security Pacific Fin. Serv., Inc., 75 F.3d 311, 315 (7th Cir. 1996).  However, petitioner's allegations of damages are so scant that I am unable to scrutinize his claims and ascertain whether it appears to a legal certainty that the claim is for less than the jurisdictional amount.

I will give petitioner a chance to rectify the deficiencies in his complaint.  He has until January 12, 2009, to (1) provide to this court facts verifying the diversity of citizenship between himself and each respondent; and (2) submit additional allegations from which the court may be able to ascertain that the amount in controversy exceeds $75,000.  If petitioner fails to submit this information to the court by January 12, 2009, or his submission reveals that diversity jurisdiction does not exists, this case will be dismissed for lack of subject matter jurisdiction.  If petitioner shows that diversity jurisdiction exists, the court will proceed to screen his complaint under 28 U.S.C. § 1915(e)(2).

ORDER

IT IS ORDERED that petitioner has until January 12, 2009 to (1) provide to this court facts verifying the diversity of citizenship between himself and each respondent;

5

and (2)  submit additional allegations from which the court may be able to ascertain that the

amount in controversy exceeds $75,000.

Entered this 24th day of December, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

6