IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHIRAG AMIN,

                                                                                       ORDER

                    Petitioner,

                                                                             08-cv-717-bbc

       V.

CELLCO PARTNERSHIP
d/b/a VERIZON WIRELESS,
MATT L. VAN NEST, JON
MCGEE, ADAM BEDNARZ and
JONATHAN KAPNER,

                    Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Chirag "Craig" Amin filed this civil action on December 11, 2008, invoking this court's diversity jurisdiction. His complaint raises state law claims against respondents Cellco Partnership d/b/a Verizon Wireless, Matt L. Van Nest, Jon McGee, Adam Bednarz and Jonathan Kapner regarding a cellular phone service agreement petitioner entered into with respondent Verizon Wireless. He alleges that respondents misrepresented their cell phone service, inducing petitioner to enter into the agreement, breached the contract once it was signed and billed him erroneously.

      In an order entered on December 24, 2008, I directed petitioner to rectify the

1

deficiencies in his complaint concerning the citizenship of the parties by submitting to this court no later than January 12, 2009, facts verifying his citizenship and the citizenship of each respondent, and additional allegations from which the court would be able to ascertain that the amount in controversy exceeds $75,000. Petitioner was warned that failure to submit this material by the January 12, 2009 deadline would result in dismissal of his action for lack of subject matter jurisdiction. He failed to submit this material, and on January 21, 2009, I issued an order dismissing the case. Judgment was entered the same day. Now petitioner has filed a motion titled "Motion to Vacate and For Extension," asking this court to "vacate or set aside part of its December 24, 2008 Opinion that questioned citizenship requirements in this civil action," as well as grant him a 30-day extension of time to file an amended complaint rectifying the diversity jurisdiction issues identified by the court. Because this case is now closed, I construe petitioner's motion to include a motion to alter or amend the January 21, 2009 judgment under Fed. R. Civ. P. 59. I will deny petitioner's motion because he continues to fail to properly allege facts supporting diversity jurisdiction in this case.

      In his motion, petitioner attempts to resolve some of the citizenship issues raised by the court. In an effort to show that he is a citizen of the state of Illinois, he attaches a copy of a United States Postal Service form and bank statements indicating that his home address is in Aurora, Illinois (the street address has been redacted by petitioner). Even assuming that

these documents satisfy his burden to prove he is a citizen of Illinois, petitioner has not adequately addressed the remaining diversity jurisdiction questions in this case.

In an effort to establish the citizenship of respondent Cellco Partnership, d/b/a Verizon Wireless, petitioner attaches a copy of the first page of the Verizon Wireless entry from the online encyclopedia Wikipedia. In his motion, petitioner cites to this attachment and states, "While the name, Cellco Partnership invokes a partnership-like business, in reality it is a corporation with its principal place of business headquartered in state [sic] of New Jersey." However, it appears that petitioner mischaracterizes the information contained in the Wikipedia entry. The entry states that Verizon Wireless "is a joint venture of Verizon Communications and Vodafone Group." The citizenship of a joint venture depends on the citizenship of each of its members, Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990), but petitioner does not provide any information regarding the members of this joint venture. Thus he fails to establish the citizenship of respondent Cellco Partnership d/b/a Verizon Wireless.

Next, petitioner fails to establish the citizenship of respondents Van Nest, McGee, Bednarz and Kapner. In his complaint, petitioner identified the states in which these four individual respondents were employed by Verizon Wireless. In this court's December 24, 2008 order, I stated that this information was not adequate to establish the citizenship of these respondents. In response, petitioner conclusorily states that he believes Van Nest is

3

a Wisconsin citizen and McGee is a Kansas citizen. He goes on to state that Bednarz's and Kapner's citizenship is "not exactly known." Finally, somewhat at odds with his earlier statement regarding Bednarz and Kapner, petitioner states that "this Court should be considerate of the fact that Defendants . . . were 'citizens' of the states described in the complaint based on past information at the time these transactions occurred." These conclusory statements do not satisfy the December 24, 2008 order's requirement that petitioner provide facts verifying the diversity of citizenship between himself and each respondent, and in any case, it appears as if he simply does not know Bednarz's and Kapner's citizenship.

Finally, petitioner fails to include in his motion any discussion whether the amount in controversy in this action exceeds $75,000. As I stated in the December 24, 2008 order, petitioner's allegations of damages are so scant that I am unable to scrutinize this claim. Because petitioner continues to fail to properly allege diversity jurisdiction in this case, I will deny his motion. He has been given ample time already to rectify the diversity jurisdiction issues identified by this court's December 24, 2008 order. His response to that order, filed well after the January 12, 2009 deadline, falls far short of what was required. There is no reason to believe he would be successful with his next round of filings. Because I am denying petitioner's motion, this case remains dismissed without prejudice.

4

ORDER

IT IS ORDERED that petitioner Chirag Amin's "Motion to Vacate and For Extension," dkt. #7, is DENIED.

Entered this 3rd day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge